IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT LUCAS,                    )
                                 )
        Plaintiff,                )
                                 )
    vs.                          )   Civil Action No. 10-874
                                 )
AMERICAN CLEAN ENERGY            )
SYSTEMS, INC. and DOES           )
1-25,                            )
                                 )
        Defendants.               )

MEMORANDUM

I

In this diversity action, which was filed on June 30, 2010, Plaintiff, Robert Lucas, seeks damages for personal injuries from Defendants, American Clean Energy Systems, Inc. ("ACES") and twenty-five unknown entities or individuals designated as "Does," for negligence or, in the alternative, under the products liability laws of Pennsylvania. Before the Court is Plaintiff's motion for leave to file an amended complaint under Fed.R.Civ.P. 15(a). For the reasons set forth below, the motion will be granted.

II

In summary, Plaintiff's complaint alleges the following facts:

Plaintiff worked for Oxford Mining as a fuel man from 2006 to 2008. During his usual 12-hour shifts, Plaintiff fueled

1

various pieces of mining equipment and machinery. Between fueling operations, Plaintiff changed filters in mining equipment. Despite working with fuel additives in this employment, Plaintiff was not provided with a mask or other respiratory protective gear. (Docket No. 1, ¶¶ 9-11).

Plaintiff worked on a regular and continuing basis from 2006 through 2008 with a chemical that was manufactured and/or sold by ACES. The ACES chemical, which was shipped in drums, was mixed by Plaintiff and hand-cranked into a 5-gallon gas can that was then poured into a funnel. (Docket No. 1, ¶¶ 12-13).

ACES and the Doe Defendants manufactured, sold or distributed the toxic fuel additives, solvents and chemicals to which Plaintiff was exposed during his employment with Oxford Mining.[1] As a result of his exposure to these toxic products, which were unreasonably dangerous and defective, Plaintiff developed seizures and cognitive impairments. (Docket No. 1, ¶¶ 16-17).

---

[1] With respect to the twenty-five Does named as Defendants, paragraph 5 of the complaint states:

> "5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 THROUGH 25, inclusive are unknown to Plaintiff, who therefore sues said Defendants by fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and therefore alleges that Defendants, DOES 1 THROUGH 25, inclusive, are responsible under law in some manner, negligently, strictly or otherwise, for the events and happenings hereinafter described, and, pleading in the alternative, alleged they contributed to cause plaintiff's injuries and damages." (Docket No. 1, p. 2).

2

III

In its answers to Plaintiff's interrogatories, which were received by Plaintiff on March 25, 2011, ACES indicated that Tal Technologies, Inc. is the manufacturer of the chemical fuel additive that was sold to Oxford Mining by ACES and is alleged to have caused harm to Plaintiff. Based on this information, Plaintiff seeks to amend his complaint under Fed.R.Civ.P. 15(a) to add Tal Technologies, Inc. as a defendant in this case.

Rule 15(a)(2) provides that "..., a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962).

ACES opposes Plaintiff's motion for leave to amend his complaint under Rule 15(a). Specifically, ACES asserts that the statute of limitations has expired because the statute of limitations in Pennsylvania for personal injury actions is two years and Plaintiff last worked for Oxford Mining in 2008.

3

Therefore, according to ACES, Plaintiff's proposed amendment to add Tal Technologies, Inc. as a Defendant is futile. (Docket No. 22, p. 1). After consideration, the Court cannot agree with ACES that Plaintiff's proposed amendment to his complaint is clearly futile.

In Pennsylvania, the discovery rule applies to toll the statute of limitations for personal injury actions in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises. Fine v. Checcio, 582 Pa. 253, 870 A.2d 850 (2005). In his complaint, Plaintiff alleges that he worked for Oxford Mining from 2006 to 2008. However, it is not clear when Plaintiff discovered that his physical and mental impairments were attributable to exposure to toxic products, at least one of which was manufactured by Tal Technologies, Inc. and sold to Oxford Mining by ACES.[2] If, in fact, Plaintiff did know the cause of his injuries at the time he stopped working for Oxford Mining in 2008, the Court would agree with ACES that the proposed amendment would be futile unless the amendment related

---

[2] In this connection, the Court notes the introductory paragraph to Plaintiff's complaint which states in relevant part:

> "... As a result of exposure to defendant's chemicals, plaintiff developed episodes of dizziness, blackouts and headaches later diagnosed as seizures and cognitive impairments. These injuries were discovered to be related to his occupational exposure to toxic chemicals including toluene...."

(Docket No. 1, p. 1).

4

back to the filing of the original complaint under Rule 15(c).[3] On the other hand, if Plaintiff did not discover the cause of his injuries until after April 5, 2009, the motion for leave to amend the complaint will have been filed within the statute of limitations in accordance with Pennsylvania's discovery rule. Under the circumstances, Plaintiff's motion for leave to amend his complaint will be granted.

/s/ William J. Standish
William L. Standish
United States District Judge

---

[3] In light of the Court's conclusion that Plaintiff's proposed amendment may not be futile under Rule 15(a) due to the expiration of the statute of limitation for his personal injury claims, it is unnecessary to address ACES' arguments regarding the issue of relation back of amendments under Rule 15(c) at this time.