**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT LUCAS, | ) | |
| | ) | Civil Action No. 2:10-cv-00874-MRH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN CLEAN ENERGY SYSTEMS, | ) | |
| INC. and DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO ACES' MOTION FOR LEAVE TO FILE
AFFIDAVIT OF BRENT KERGER, PH.D., DABT, IN SUPPORT OF ITS BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

AND now comes plaintiff through counsel and files this Response to ACES' Motion for Leave to File Affidavit of Brent A. Kerger, Ph.D., DABT. Defendant, ACES, requests leave to file and insert another affidavit on the basis that plaintiff during oral argument set forth a new basis that ACES was a "manufacturer" rather than a distributor because Mr. Brian Schubert copied the information from Mr. Tal's MSDS onto a new but identical version for ACES II. However, plaintiff did not suggest any new argument because ACES has always been a manufacturer and not merely a distributor. The first basis for this argument is ACES's own MSDS that states:

> Manufacturer's name and address:
> American Clean Energy Systems, Inc.
> 8679 Freeway Drive
> Macedonia, OH USA
> 44056-1535

(Doc. No. 273-1, Page 47 of 87, Page 53 of 87, Page 59 of 87, Page 65 of 87, Page 71 of 87, Page 78 of 87).

Mr. Schubert's testimony as to how he created the MSDS sheet, even if by copying it verbatim from Mr. Tal, suggest direct involvement as a manufacturer of the product and necessary warnings.

The issues raised by ACES as to the version of the regulation is merely a subterfuge to re-argue points that it could have covered in its original response.  The only difference articulated in either the motion or the affidavit between the 1994 and the 2012 version is in the affidavit:  "This language [in the 2012 version] arguably changes the nature of the prior version of the HCS (OSHA, 1994) from being a performance-based standard to being a more prescriptive standard type used in other countries".  How this more "prescriptive" language imposes a different liability on ACES than the "performance based" language is not explained by ACES.  Apart from remarking on the obligation to classify hazards, the rest of the affidavit is focused on the adequacy of the ACES labels, when this should have been formulated his response in October.

Accordingly, plaintiff opposes ACES' Motion for Leave to File the Affidavit of Brent A. Kerger, Ph.D., DABT.

<div style="margin-left:40%">

Respectfully submitted,

**MORGAN & PAUL, PLLC**


*/s/ Gregory G. Paul*
GREGORY G. PAUL
PA I.D. Number: 83334
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

</div>

Dated:  February 3, 2017

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via

the Court's CM/ECF System upon counsel of record this 3rd day of February 2017.


*/s/ Gregory G. Paul*
Gregory G. Paul